This is an emmenager of a bus,vlstDVA.  Based on those principles. I think I illustrating that the Jungstrom case, that was a conclusive fact. The medical principle really decided, you didn't need the doctor's opinion to apply the medical principle. You could determine that without it, but the incubation period was longer than the time of service. And I think that is what is meant by medical principle. Here we do have medical judgment. If you look at what doctor Kilhenny actually said. The question is, is his opinion based solely on medical judgment or on something else? Because as I read the board's opinion and the veterans court's affirmance of it, what they said was, in addition to his judgment, he based that judgment, among other things, on his thorough neurological examination of the veterans. He didn't examine the veterans. Let me put it a little differently. What more do you normally do? People rely on and follow the advice of doctors who, after conducting whatever examinations they think appropriate, give you their best medical judgment that this is the condition of the suffering and that the most appropriate treatment would be to take this particular medication. Every time we go to the doctor, we rely on that, or even to the dentist. The dentist tells you you need to have this particular tooth removed. It's his judgment, but we tend to rely on it. What's the matter with the evidence that they presented? That's my question. I don't question that it's the quality of the evidence. We're not here arguing that. What we're arguing is that the statute that creates this presumption in favor of the veteran says medical judgment is not enough. Medical judgment alone. Well, the statute, you say, says it. That's your interpretation of the statute predicated on the legislative history. There's nothing in the statute that says that. And reading it in light of 1132, which does talk about medical judgment. Right, but it doesn't have the medical judgment alone. It allows medical judgment, in fact. Of course, the Harris case does. Were you finished with Judge Friedman's question? I'm not sure I'm satisfied, but go ahead. Well, I didn't want to cut him off. Are you finished with your question? Yes. Okay. Let me, if I could, turn your attention to the regulation, which, whatever one interprets the statute as saying, there's no doubt that the medical judgment alone exclusion is found in the regulation. My question, though, is this. The regulation, up until 2005, if I understand it correctly, referred only to the inception part of the two-part inquiry. At that point, the language in 3.304B had not been added that says, was not aggravated by such service. That was added to make sure that clear and unmistakable evidence applied to both prongs. But what it strikes me in reading 3.304B1, that that language does not seem to apply to the aggravation prong. It seems to apply to the inception problem. And I direct your attention specifically to the sentence that says, all history of preservice, existence of condition, blah, blah, blah, will be considered together with all other material evidence in determinations as to inception. And then the sentence, determinations, presumably these determinations we've just gotten finished referring to as to inception, should not be based on medical judgment alone as distinguished from acceptable medical principles. Why isn't that regulatory language limited to the inception problem and not necessarily applicable to the aggravation problem? I think there are two answers. First, in the first part of B, it does refer to and was not aggravated. Right, and that was a change which is intended to and successfully had the effect of bringing the clear and unmistakable evidence standard into aggravation. Everybody agrees with that. The question is, did they also somehow implicitly make the rest of the regulation applicable to aggravation? I believe with that change, a fair interpretation is that it did. And I also believe that the government is not contesting that point, that they have agreed that medical judgment alone is not satisfactory for the aggravation problem as well. And you can also reach that from our statutory argument based on the reading of Section 1111 and 1132, which distinguishes between clear and unmistakable evidence and medical judgment, where medical judgment was left out in the statute. Do you happen to know if there's anything that the VA has said, either in a general counsel opinion or in any other context, that addresses this question? Of whether this is limited to inception as opposed to aggravation? I'm not aware of that. Okay. Thank you, Mr. Hicks. You're into your rebuttal now, but we'll restore your full rebuttal and we'll hear from the government. Ms. Holt? Thanks, Your Honor. If I could start you right off on the question that I left off with Mr. Jakes. What is the government's position with respect to the application of 3.304B1 as to aggravation? Your Honor. And specifically the medical judgment sentence. Your Honor, the government's interpretation is that although I think you are correct that 303.4B1 does technically apply to the first prong, that it does apply, the government does interpret that to apply to the second prong. Based on what? Based on aggravation. The statute itself, going back to 1943, actually did have the aggravation prong in it. I believe what you are referring to as the Wagner case made clear that if there was not a preexisting condition noted, that clear and unmistakable evidence had to show. We're dealing with two different issues here. Okay. First, there's no question but that 3.304B establishes for regulatory purposes that clear and unmistakable evidence applies to both prongs. My question was, does it also establish that the no medical judgment standing alone provision applies to both clauses? And if so, textually, where do you get that? Your Honor, the government and the Veterans Administration has always interpreted it that way, that clear and unmistakable evidence. Do you have any, is there any written interpretation anywhere that I could look to to see that that's right? No, Your Honor. The Veterans Administration relies on 3.3304B1, the statement that because medical judgment alone, they have interpreted it not, that medical judgment alone is not clear and unmistakable evidence because clear and unmistakable. What do you mean when you say interpreted it? Do you mean in the course of administering the statute they just take that position? Your Honor, there's nothing either suggested or an opinion from the general counsel or have they taken that position consistently in briefs or what? Or is it just this is sort of understood that that's how the statute is to be, the regulations to be applied? Your Honor, based on the legislative history and the change in 1943, removing the language medical judgment and inserting the language clear and unmistakable evidence, the VA's opinion since then and its rational interpretation of that legislative change as enacted in regulation. Where is that interpretation reflected? I think that's the question I want to find, get an answer to if there is any. I take it there's nothing published. No, Your Honor. We've looked and have been unable to find anything. I guess what is published, that interpretation is borne out in 3.304. When you say that the VA has taken this position, what you're really saying is this is in administering the statute and the regulation, this is how the VA treats it. Yes, Your Honor. The VA has always treated since 1943 that medical judgment alone is not enough to establish clear and unmistakable evidence. Unmistakable evidence of aggravation? Yes, Your Honor. However, the VA does not interpret medical judgment alone to be medical opinion of a doctor. That seems to be the difference. What exactly do you mean by medical judgment alone? Are you saying that anything said by a doctor is not medical judgment? Your Honor, medical judgment as the VA and the government interprets it in 3.304.B.1 is the judgment of, for example, the regional officer, a VA employee, the board. But not a doctor? The VA itself, not a doctor. Where do you get that? Can you give me the best textual support for that proposition? Because I looked, you alluded to this argument in your brief, but then you said, well, you know, if you read all the statutes together, here's a reference to opinions, here's a reference to evidence, here's a reference to judgment, and therefore we conclude that judgment means maybe something like a board member saying, well, this is what I think. Your Honor, we certainly... What's your best textual evidence for that interpretation of the term judgment? The textual evidence, Your Honor, the best we have is the legislative history. One of the key concerns in the legislative history was apparently what was happening in World War II was that people, men and women, were being brought into the armed forces very quickly, turned over for battle, basically run down, being discharged, and you had VA members alone making a judgment as to whether there was a preexisting condition or any aggravation. Let me ask you this. There isn't any place that the VA has written down, medical judgment means something other than an opinion of a doctor. No, Your Honor. The VA has looked and has not been able to find... Okay, now, are you familiar with this court has, well, our predecessor court, the Court of Claims, has a series of cases dealing with Army regulations that address disability of retirement and use exactly the same formula, that is to say, based on medical evidence but not medical judgment alone. And in the course of those opinions, the court has, and Siegel is the case that's probably the leading case, are you familiar with that or any of those cases? Your Honor, I apologize, I am not. All right. Well, they weren't raised, so you're not really expecting... Makes me feel better, Your Honor. But what troubles me is there the court said, well, medical judgment, i.e. something that couldn't be considered, would include something that was not based on well-established medical principles, such as, and including, an opinion given by no less than the Surgeon General. Now, if that rule is the right rule to apply, and those cases are binding on us and the language is identical, then it seems to me very difficult unless the VA has clearly indicated in some fashion that would be subject to our deferring to that a different meaning is intended with respect to this language in this regulation that we ought to be bound by that language, shouldn't we? Your Honor, two responses to that. First, that question then goes to really one of our initial arguments that this argument raised by Mr. Imanaka was not raised below, and therefore the Veterans Court itself, which hears only veterans' cases, which is the expert in veterans' law, has not had the opportunity to opine upon this issue. And so to that extent for, again, the fact because this exact argument was not raised below, this court does not have jurisdiction to consider it. The argument was not made below, but it was not made below in a timely fashion. It was not made below in a timely fashion, Your Honor. It was made, but it was made too late. It was raised in the reply brief, Your Honor, which is too late, and this court in Carpino has held that. So it was made. This isn't a case where there's a new argument appeared for the first time in an appeal. No, Your Honor. It appeared for the first time in the reply brief and under this. Let me ask you one thing. I just want to be sure that I understand that you say that the VA's position is that a medical judgment need not necessarily be made by a physician. Is that right? Your Honor, the VA's position is that medical judgment, that term medical judgment alone would refer to, for example, the decision of a regional officer or a board member as divorced from a medical doctor. It cannot be made by a physician. Is that right? There is language in cases, certainly, that overlaps the decision. I mean, a medical opinion is, and you look to, for example, 5109 and 7109, that the board and secretary can ask for a medical opinion from a physician, and so that denotes... A medical opinion is something other than a medical judgment. Yes, Your Honor. It's a nice distinction, but it's a little hard for me to comprehend what it is. It is, Your Honor. As I said, the VA has their interpretation is that clearly from the statute, the VA can go and rely on a medical opinion. It can ask an independent doctor for a medical opinion and rely on that. What the VA cannot do... But a medical opinion necessarily has to involve medical judgment, doesn't it? Unless you define medical judgment differently. But anyhow, I mean, one of the things that's reflected in the physician's opinion is his judgment as to what the condition is and what is the most appropriate way to treat it. Your Honor, the terms while used separately and differently throughout the regulatory scheme and the statutory scheme are not defined. That is correct. And in this case, I think that's another example, because what we have here is even if this court goes to the question of and looks to the medical opinion of Dr. Toheni, his medical opinion, it's not just his opinion. It's based upon medical principles, medical evidence, medical history. Won't that be true of every medical opinion? I mean, a doctor isn't going to look and say, I think this patient suffers from such and such a condition and the reason for my opinion is it's my experience that men who wear striped ties generally have this condition. That wouldn't be, I mean, it might be a medical opinion, but it would be a worthless one. Every medical opinion is going to reflect a professional judgment. Your Honor, and actually that, I think, answers your question. You're exactly right. You would hope that a medical doctor would not make that opinion because that opinion would be worthless. But a medical doctor could make an opinion that the board in looking at does not believe reaches to the level of clear and understandable evidence. What's bothering me about all of this is that we're trying to determine these difficult issues by applying principles of semantics. We use very similar words, medical opinion, medical judgment, medical principles. I suppose someone might say medical views and so on, and we'll find distinctions between those and then on the basis of those distinctions we say, okay, on that ground we now hold that and lo and behold the veteran does or doesn't get benefits. I wish there was some way we could get sort of to the guts of this thing rather than looking at these, what seem to me to be, extremely technical distinctions. There are definitely, Your Honor, some technical distinctions. I think at its base there are two responses. First, it is clear from the statute, including Section 5109 and 7109, that the Veterans Administration can ask for and rely upon the medical opinion as they call it. It can go to an independent physician and the Veterans Administration can say we need help. Please review the file. Please talk to this person. Please do an examination. Please give us your medical opinion. And so what really is being asked for here by Mr. Immenacher is a decision that that opinion that comes back from a medical doctor could not be relied upon. No, not exclusively. It couldn't be solely. The sole basis is his argument. I don't think he's suggesting that that can't be in connection with other supporting evidence. That is correct, Your Honor. But then, again, that goes to, for example, in this case, whether there is actually simply a medical opinion or not. Let me ask you this. To make sure, you may have answered this question already, but I want to make sure that we're not overlooking anything. Setting aside your argument about the implications of 5109 and 7109 and any other statutes that may have reference to the term without defining it of medical judgment versus medical opinion, is there anything prior to today, any point prior to today, that the VA has ever suggested the distinction that you're drawing anywhere? Your Honor, there is. In a brief, other than your own brief in this case, obviously, but in a brief, in an OGC opinion, in a board decision, is there anything we could look at to say, this is the Secretary's position before today? Because, as you know, if we're looking at deference, we don't defer as readily to a position taken by an advocate in the middle of an appeal, saying, well, this is our position. Well, it's convenient to take such a position because that allows you to win the case if you defer to it. But if there's a past pattern of construing the regulation in this way, then that's something to which we can defer. Is there in this case, and if so, what is it? Your Honor, what there is in this case, and we cite in our brief, is the Olbert opinion and also the Colvin opinion. For example, Olbert held that the board may not simply reject the medical opinion given, equivocal though they may be, by using its own medical judgment, again suggesting that the board cannot just put aside a medical opinion of a physician and instead rule upon its medical judgment alone. So for the use of the term opinion in juxtaposition with the word judgment, you think is the way that the Secretary is saying that judgment is exclusively that of a non-medical professional? Yes, Your Honor. Is there anything better than that that you've got? Your Honor, we believe that the Colvin opinion and Olbert opinion both support this view. Is Colvin better in that regard than Olbert? They essentially do say the same thing, Your Honor. You would say that, in other words, what you're saying is if a physician renders a view in a case and assumes it's a case where that physician, he or she has examined the complete record and has looked at everything in the record from a medical standpoint, has conducted tests of the veteran, has reviewed all the service records, then that physician says it is my considered medical judgment that, and then goes on to articulate a view. In that case, you wouldn't say that that's deficient simply because the word medical judgment is used instead of opinion, would you? No, Your Honor. Because the words are coming from a physician. This is your view, what you've been discussing with Judge Bryson. Okay. Yes, Your Honor. Now, what if the veteran who is examined by this physician has a condition that the physician cannot confidently diagnose, but the physician says, you know, I'm not sure what this is. It's a very strange condition. We just don't have a good, there's nothing in the treatises of the medical experience that really pins this down as to what it is. But I've been a doctor for a long time, and it's my opinion that this is a condition which has probably been with this person for a long time. Not based on any medical principle at all, let's say, and the doctor admits that, but says that's what my opinion is, or he might even say that's what my judgment is. Is it your view that if that's all there is in the case, that that is okay, it's sufficient to support a conclusion that there's clear and unmistakable evidence of non-aggravation? Your Honor, medical opinion can be sufficient to support clear and unmistakable evidence. Standing by itself. Yes. In that case, then that is a factual determination that is made by the VA in the first instance. Even if the medical opinion is admittedly predicated on no general medical principle, other than the doctor's own experience? Your Honor, every medical opinion in the first instance the VA makes a medical judgment of looks at the evidence and determines whether it is clear and unmistakable evidence. Our position is simply that a medical opinion alone can in fact be clear and unmistakable evidence. In the hypothetical that you have given, it may or may not be. That's a factual determination. But it could be. You're saying that even though there's no general medical principle there, that nonetheless that might be sufficient. That would be a factual determination that would be made by the veterans in the first instance. And you say that determination is something committed to the discretion of the VA because it involves weighing the evidence. People might disagree whether the hypothetical that Judge Price imposed to you, whether that evidence alone was sufficient. But that's for the VA to decide. And, of course, it's reviewed by the Board and by the Veterans Court. And if they decide that that evidence is insufficient, it will be reversed. Yes, Your Honor. That is absolutely correct. Thank you, Ms. Holt. Mr. Jakes, we'll hear from you. Mr. Jakes, let's see. We said we would give you your full three minutes rebuttal. The government went overtime a bit. So I will give you three additional minutes beyond that. So we'll give you six minutes in rebuttal to try and even it out. Thank you, Mr. Jones. I won't need that. If you need it. If you need it. But just I want to try and keep the time even. Thank you, Your Honor. I think that the argument has established that we're not arguing that the government can't rely on a medical opinion. We're not asking the court to reject the opinion. It's our position that medical judgment, the doctor's opinion alone, is not enough. And I'd like to just point out, this is a very strong presumption to favor the veteran. It applies when this preexisting condition is not recorded on entrance. And so the government does have to jump through hoops and go pretty far to rebut this presumption, and that's why there has to be clear and unmistakable evidence. And when medical judgment alone is not enough, the government can prove it. We're not contesting the preexisting condition in this case, for example, because there is evidence beyond the doctor's opinion. There's evidence supplied by the veteran himself that he was in an accident. And so I think that's clear. We're focusing on just medical judgment alone. To go back to whether or not we raised this issue in our opening brief, the issue of whether his opinion is sufficient, I believe, was fairly raised. I'd like to just point out that the government, in its brief, did say his opinion was based on medical judgment. The doctor's opinion was based on medical judgment. And it cited the regulation, 3.304B1. And in our reply, we replied to the government's brief, pointing out that medical judgment alone was not sufficient under the statute. So there was an opportunity for the Court of Veterans' Appeals to address this issue because the government had raised medical judgment in saying that the doctor's opinion was based on medical judgment. And finally, I don't think that we've argued, or I heard the government argue, that there's more than just the doctor's opinion here. I think if you really look at A462, admittedly the doctor examined Mr. Emenaker. But when it comes down to his opinion, he basically says, in patients of this type, occasionally the condition may get worse. And that strikes me as being purely medical judgment, and not based on any examination or any other evidence of the patient. And to make sure that I've got your position right, with respect to what it takes to cross over from established medical principles to medical judgment, if the doctor, again, to take the, I forget the name of the case, it's the gonorrhea case. Johnstrom. Johnstrom, that's it. If the doctor says, I have consulted these treatises, and based on those treatises I can say with great confidence that this is the course of progression of this disease. That's, at that point, no longer a medical judgment? Well, I think the doctor's opinion could be.